## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————————— )
**MARILU ROMERO-HERNANDEZ,** )
1417 N St. NW )
Washington, D.C. 20005 )
)
          **Plaintiff,** )
)
    v. )
)
**DISTRICT OF COLUMBIA,** )
**Serve:** Mayor of the District of Columbia )
1350 Pennsylvania Ave., NW, Suite 316 )
Washington, D.C. 20004 )
)
Attorney General of the District of Columbia )
441 4th St. NW )
Washington, D.C. 20001 )
)
**JOSHUA ARANA-JIMENEZ,** )
Badge No. 3238 )  Civil Action No. _____
c/o D.C. Metropolitan Police Department )
Fourth District Station )
6001 Georgia Avenue, NW )
Washington, D.C. 20011 )  **<u>JURY TRIAL DEMANDED</u>**
)
**PEDRO PENA,** )
Badge No. 2324 )
c/o D.C. Metropolitan Police Department )
Fourth District Station )
6001 Georgia Avenue, NW )
Washington, D.C. 20011 )
)
**ROBERT VALENTINE,** )
Badge No. 3270 )
c/o D.C. Metropolitan Police Department )
Fourth District Station )
6001 Georgia Avenue, NW )
Washington, D.C. 20011 )
)

**TERESA FLYNN,**      )
Badge No. S-520      )
c/o D.C. Metropolitan Police Department      )
Fourth District Station      )
6001 Georgia Avenue, NW      )
Washington, D.C. 20011      )
      )
**LEEBRA WILLIS,**      )
c/o D.C. Metropolitan Police Department      )
Fourth District Station      )
6001 Georgia Avenue, NW      )
Washington, D.C. 20011      )
      )
**PAUL HREBENEK,**      )
Badge No. 3450      )
c/o D.C. Metropolitan Police Department      )
Fourth District Station      )
6001 Georgia Avenue, NW      )
Washington, D.C. 20011      )
      )
**RICHARD MASON,**      )
c/o D.C. Metropolitan Police Department      )
Fourth District Station      )
6001 Georgia Avenue, NW      )
Washington, D.C. 20011      )
      )
**GC LATIN PRODUCTIONS LLC,**      )
(d/b/a Sabor Latino Bar and Grill)      )
3910 14th Street NW      )
Washington, D.C., 20011      )
      )
Registered Agent:      )
German Climaco      )
350 Galloway Street NE, Suite 305      )
Washington, D.C. 20011      )
      )
**and**      )
      )
**UNKNOWN OFFICERS 1-10,**      )
      )
         **Defendants.**      )
_____)

## COMPLAINT

Plaintiff Marilu Romero-Hernandez hereby alleges as follows:

## NATURE OF THE CASE

1.      In the early morning hours of November 22, 2012, Plaintiff Marilu Romero-Hernandez was viciously beaten by several police officers of the D.C. Metropolitan Police Department at the Sabor Latino Bar and Grill in Washington, D.C.

2.      Police officers were called to the restaurant because of a minor verbal altercation between Ms. Romero-Hernandez's friend and another woman.  By the time the officers arrived, the altercation had ended and the other woman had left the bar.  Nonetheless, upon entering the restaurant, the officers immediately grabbed Ms. Romero-Hernandez's sister and friend and began to aggressively remove them from the bar.

3.      Fearing for her sister's safety, Ms. Romero-Hernandez approached one of the officers and said in Spanish, "leave her alone, leave her alone," touching the officer's shoulder to get his attention.  The officer turned and, as he turned, hit her in the face with such force that she fell to ground.  Ms. Romero-Hernandez lay defenseless face up on the floor of the restaurant. She was not actively resisting.  She did not pose an immediate threat to the officer's safety. Nevertheless, the officer pinned her to the ground with the weight of his body and punched her repeatedly in the face with a closed fist.  By the time the officer stopped punching her, Ms. Romero-Hernandez was barely conscious.  Other police officers joined in the assault — they pulled her up from the ground by her hair; they handcuffed her hands behind her back; they intentionally hit her head on the edge of the door as they dragged her outside; they slammed her head into the window of the restaurant when her hands were handcuffed behind her back, causing blood to cover the window.

- 3 -

4.      The police officers' actions caused severe physical and psychological injuries to Ms. Romero-Hernandez.  She suffered from, among other things, bilateral nasal bone fractures; bruises on her face, hip, and buttocks; swollen and black and blue eyes; and a large laceration on her forehead that required nine stitches and created a scar that is still clearly visible almost one year after the assault.  Ms. Romero-Hernandez continues to suffer from severe and debilitating headaches; intermittent short term memory loss; and severe anxiety and insomnia that require medication.

5.      Plaintiff brings claims for monetary damages, pursuant to 42 U.S.C. § 1983, against several police officers of the D.C. Metropolitan Police Department for the use of excessive force in violation of Ms. Romero-Hernandez's rights under the Fourth and Fifth Amendments to the United States Constitution.

6.      Plaintiff also brings common law claims of assault and battery and intentional infliction of emotional distress, including liability premised on the doctrine of *respondeat superior*, against the police officers that perpetrated the assault, the District of Columbia, and GC Latin Productions LLC (d/b/a Sabor Latino Bar and Grill).

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

8.      Plaintiff provided written notice to the Mayor of the District of Columbia on May 17, 2013 of her intent to file a civil action against the District of Columbia for injuries stemming from the events alleged herein, as required by D.C. Code § 12-309.  This written notice was hand-delivered to the D.C. Office of Risk Management, the Mayor's designee, and included the

approximate time, place, cause, and circumstances of Plaintiff's injuries giving rise to her claim

for unliquidated damages, as alleged herein.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because all or a

substantial part of the events and omissions giving rise to the claims asserted herein occurred in

this judicial district.

## PARTIES

10.     Plaintiff Marilu Romero-Hernandez is an individual residing at 1417 N Street

N.W., Washington D.C. 20005.  She is 5'1" and weighed approximately 140 pounds on

November 22, 2012.  Ms. Romero-Hernandez has lived in the United States for almost ten years.

She has many family members that live in the United States as well, including four siblings and

her three-year old son.  Ms. Romero-Hernandez works as a waitress at La Villa Restaurant in

Washington, D.C., where she has worked for almost ten years.

11.     The District of Columbia is a municipal corporation.  The D.C. Metropolitan

Police Department (the "MPD") is a department of the District of Columbia.

12.     Defendants Officer Joshua Arana-Jimenez, Officer Pedro Pena, Officer Paul

Hrebenek, Officer Richard Mason, Sergeant Teresa Flynn, and Sergeant Leebra Willis, whom

Plaintiff sues in their individual capacities, are officers of the MPD.  These Defendants at all

times relevant herein acted under color of District of Columbia law and, in whole or in part, in

their capacities as agents and employees of the District of Columbia.

13.     Defendant Officer Robert Valentine, whom Plaintiff sues in his individual

capacity, is an officer of the MPD who was working in an off-duty capacity at Sabor Latino Bar

and Grill in the early morning hours of November 22, 2012.  Defendant Valentine at all times

relevant herein acted under color of District of Columbia law and, in whole or in part, in his

capacity as an agent and employee of the District of Columbia, GC Latin Productions LLC (d/b/a Sabor Latino Bar and Grill), or both.

14.     Defendants Unknown Officers, whom Plaintiff sues in their individual capacities, are officers of the MPD.  These Defendants at all times relevant herein acted under color of District of Columbia law and, in whole or in part, in their capacities as agents and employees of the District of Columbia.  Plaintiff is informed and believes that these Defendants are legally responsible for the wrongs committed against her, as alleged herein.  When Plaintiff becomes aware of the true identities of the Unknown Officers, Plaintiff will amend her complaint to add them as named Defendants.

15.     Defendants Arana-Jimenez, Pena, Flynn, Willis, Hrebenek, Mason, Valentine, and the Unknown Officers are hereinafter referred to collectively as the "Defendant Officers."

16.     Defendant GC Latin Productions LLC operates Sabor Latino Bar and Grill, which is a restaurant and bar establishment located at 3910 14th St. NW, Washington, D.C. 20011.

## FACTUAL ALLEGATIONS

17.     On November 22, 2012, at approximately 1:45 a.m., Plaintiff Marilu Romero-Hernandez left La Villa Restaurant, where she worked (and still works) as a waitress, with some of her co-workers, her sister, Yessenia Romero, and her friend, Lissania Martinez, to go to the Sabor Latino Bar and Grill.

18.     Ms. Romero-Hernandez and the rest of her group arrived at Sabor Latino Bar and Grill at around 2:00 a.m. on November 22, 2012.  When they arrived, the restaurant was very crowded, but they were able to find seating near the end of the bar.

19.     Soon after arriving at the restaurant, Ms. Romero-Hernandez's friend, Ms. Martinez, got into an argument with a woman sitting next to her at the bar.  This argument,

which largely consisted of the women "talking trash" to one another, continued on-and-off for a short period of time.

20.      After the women's argument subsided, Ms. Romero-Hernandez went to use the restroom.  Upon her return from the restroom, Ms. Romero-Hernandez ran into another friend with whom she talked and danced for approximately fifteen minutes.

21.      When Ms. Romero-Hernandez returned to the bar, Ms. Martinez and the woman next to her had reengaged in their argument.  Not wanting the argument to escalate, Ms. Romero-Hernandez indicated to Ms. Y. Romero and Ms. Martinez that it was time for them to leave the restaurant and asked the bartender for their check.  The woman with whom Ms. Martinez was arguing requested her check at the same time, paid, and left the restaurant.

22.      After Ms. Romero-Hernandez paid their bill, and as she and her friends were preparing to leave the restaurant, the friend with whom Ms. Romero-Hernandez had danced called her over to the other end of the bar.  Ms. Romero-Hernandez went to the other end of the bar and spoke to her friend for a few minutes.

### Police Officers Arrive and Use Excessive Force

23.      Defendant Valentine is an officer of the MPD who was working as an off-duty security guard for Sabor Latino Bar and Grill during the events described herein.  According to the MPD Incident-Based Event Report, Defendant Valentine called for police assistance in the early morning hours of November 22, 2012 because of a "disorderly group."

24.      At approximately 3:00 a.m., Defendant Arana-Jimenez and Defendant Pena arrived at the Sabor Latino Bar and Grill.  Defendants Flynn, Willis, Hrebenek, Mason, and the other Unknown Officers arrived at the restaurant some time shortly thereafter.  These Defendant Officers were wearing MPD uniforms, displayed MPD badges, identified themselves as MPD

officers, and were acting in their official capacities as MPD officers when they entered the restaurant and during all subsequent events described herein.

25.     When the Defendant Officers entered the restaurant, Ms. Romero-Hernandez was talking to her friend at the end of the bar.  Ms. Y. Romero and Ms. Martinez were standing a few yards away from Ms. Romero-Hernandez, closer to the door of the restaurant.

26.     When Ms. Romero-Hernandez turned around, she observed several of the Defendant Officers forcefully grabbing Ms. Martinez and Ms. Y. Romero and pushing them in the direction of the exit.  Ms. Romero-Hernandez also observed one of the Defendant Officers violently pushing her sister, Ms. Y. Romero, in her breasts and stomach as he forced her toward the exit.

27.     Fearing for her sister's safety, Ms. Romero-Hernandez approached one of the Defendant Officers and stated in Spanish, "leave her alone, leave her alone."  To get the officer's attention, Ms. Romero-Hernandez placed her hand on the Defendant Officer's shoulder in a non-aggressive manner.  At this point, the Defendant Officer turned around and, as he turned, hit Ms. Romero-Hernandez in the face with such force that she fell to the ground.  The MPD "Use of Force" report identifies Defendant Jimenez as the officer that performed the "takedown" of Ms. Romero-Hernandez.

28.     Ms. Romero-Hernandez was dazed from the fall and lay defenseless, face up on the floor of the restaurant.  One of the Defendant Officers pinned her to the ground with the weight of his body and punched her repeatedly in the face with a closed fist.  That Defendant Officer punched Ms. Romero-Hernandez approximately ten times in the face with a closed fist.  Ms. Romero-Hernandez reflexively put her hands up in front of her face to try to deflect the blows, but otherwise was defenseless and did not physically resist the officer's attack.

29.     Ms. Romero-Hernandez heard patrons of the restaurant shouting at the Defendant Officer to "stop," but to no effect.  The other Defendant Officers watched their fellow officer punching Ms. Romero-Hernandez repeatedly in the face, but failed to take appropriate action to stop him.

30.     By the time the Defendant Officer stopped punching Ms. Romero-Hernandez in the face, she was barely conscious.  Three of the Defendant Officers pulled Ms. Romero-Hernandez up off the ground — one pulled her up by her hair, while one grabbed her left arm and one grabbed her right arm.  The three Defendant Officers placed Ms. Romero-Hernandez in handcuffs and pulled her out of the restaurant as she drifted in and out of consciousness.

31.     As three of the Defendant Officers were dragging Ms. Romero-Hernandez out of the restaurant, they intentionally hit her head on the edge of the door of the restaurant exit.

32.     Once outside, the three Defendant Officers intentionally slammed Ms. Romero-Hernandez's head into the window of the restaurant — while her hands were handcuffed behind her back — causing blood to cover the window and the concrete wall below the window.

33.     The photograph reproduced below is a true and accurate depiction of the bloody window and concrete wall described in Paragraph 32.



34.     The other Officer Defendants witnessed their colleagues assault Ms. Romero-Hernandez and failed to take appropriate action to stop the assault.

35.     Ms. Romero-Hernandez was placed on a stretcher and taken by ambulance from the restaurant to Washington Hospital Center.  When she arrived at the hospital, Ms. Romero-Hernandez's face and clothes were full of blood.  A nurse noted in Ms. Romero-Hernandez's medical chart that she had "blood caked to [her] forehead, nose and chin."  A nurse cleaned Ms. Romero-Hernandez's face and, only after her face had been cleaned, police officers took her picture.  Ms. Romero-Hernandez's shirt was so saturated with blood that a police officer suggested she throw it away, so she did.

36.     Following initial treatment at Washington Hospital Center, Ms. Romero-Hernandez was taken to the MPD Fourth District Station where she was processed, fingerprinted, and placed in a cell.  Ms. Romero-Hernandez continued to suffer from intense pain in her head and, after several hours in the cell, was taken to Providence Hospital.  Ms. Romero-Hernandez was evaluated at Providence Hospital and provided with medication for her pain.  She was then taken back to the Fourth District Station, where she spent Thanksgiving night.  She was not arraigned until late in the afternoon on November 23, 2012.

37.     Ms. Romero-Hernandez was charged with Assaulting, Resisting or Interfering with a Police Officer (Misdemeanor) and Disorderly Conduct.  On January 30, 2013, Ms. Romero-Hernandez entered into a Deferred Prosecution Agreement with the U.S. Attorney for the District of Columbia, pursuant to which Ms. Romero-Hernandez agreed to perform 32 hours of community service in return for complete dismissal of the charges against her with prejudice. Ms. Romero completed her 32 hours of community service and the charges against her were dismissed with prejudice on June 4, 2013.

***Severe and Continuing Physical and Psychological Harm***

38.     Ms. Romero-Hernandez suffered severe physical injuries as a direct result of the Defendant Officers' assault.  Ms. Romero-Hernandez was diagnosed with bilateral nasal bone fractures and a closed head injury.  She received nine stitches (in two layers) for a deep, two-inch laceration on her forehead.  She had bruises on her face, hip, and buttocks.  Both of her eyes were extremely swollen and black and blue.  In the days following the incident, Ms. Romero-Hernandez suffered from severe headaches, dizziness, nausea, and vomiting.  For several weeks after the assault, Ms. Romero-Hernandez suffered from extreme pain in her head, face, and nose.

39.     The photograph reproduced below is a true and accurate depiction of Ms. Romero-Hernandez's face, without makeup, two days after the assault.



40.     Almost a year after the incident, Ms. Romero-Hernandez continues to suffer physically from the beating she received from the Defendant Officers.  She suffers from painful and debilitating headaches that have occurred almost every day, sometimes multiple times a day, since the assault.  She also suffers from occasional short term memory loss and has difficulty

sleeping.  She was diagnosed with post concussive syndrome and prescribed medication to help

with the headaches and sleeplessness.  The laceration on her forehead has left a large scar.

41.     Ms. Romero-Hernandez also continues to suffer from severe psychological

injuries as a direct result of the Defendant Officers' assault.  Since the incident, Ms. Romero-

Hernandez suffers from severe anxiety, which results in nightmares, flashbacks to the incident,

and panic attacks.  She is overcome with anxiety anytime she encounters a police officer or

passes by 14th Street NW, the Sabor Latino Bar and Grill, or the Fourth District Police Station.

She often experiences the sensation of being chased by a "shadow."  She is unable to sleep

without medication.  These symptoms, which were not present prior to the assault, still persist as

of the date of this Complaint.

42.     Ms. Romero-Hernandez sought counseling from a mental health professional

following the assault.  She was diagnosed with post-traumatic stress disorder ("PTSD") and

prescribed medication to treat her anxiety and insomnia.  Ms. Romero-Hernandez had never

received mental health counseling prior to the assault.

43.     Following the assault, Mr. Romero-Hernandez was unable to work for a month-

and-a-half at La Villa Restaurant because of her physical and psychological injuries.  She was

not paid by her employer during this time.

44.     As a result of the assault, Ms. Romero-Hernandez has had to receive thousands of

dollars' worth of medical care to address her physical and psychological injuries.

## CLAIMS FOR RELIEF

### COUNT I
**Violation of the Fourth Amendment — 42 U.S.C. § 1983
(Against the Defendant Officers in Their Individual Capacities)**

45.     The preceding paragraphs 1-44 are incorporated herein by reference.

46.     At all times relevant hereto, Plaintiff Marilu Romero-Hernandez had a right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution.  This right encompasses the right to be free from the use of excessive force by law enforcement personnel during an arrest, investigatory stop, or any other seizure.

47.     The Defendant Officers, in the course of seizing Ms. Romero-Hernandez, used excessive force that was objectively unreasonable.  This excessive use of force included, but was not limited to, punching her in the face repeatedly when she was lying defenseless on the ground and not actively resisting; pulling her up from the ground by her hair; intentionally hitting her head on the edge of a door while her hands were handcuffed behind her back; and slamming her head into the window of a restaurant while her hands were handcuffed behind her back.  Ms. Romero-Hernandez did not pose an immediate threat to the safety of the Defendant Officers, was not actively resisting, and was in a defenseless position at all times that the Defendant Officers used excessive force.

48.     Those Defendant Officers who may not have been directly involved in the use of excessive force but who observed the use of excessive force are liable as bystanders.  These Defendant Officers were aware that their fellow officers were using excessive force, in violation of Ms. Romero-Hernandez's Fourth Amendment rights, had a reasonable opportunity to prevent the harm, and yet chose not to act.

49.     The Defendant Officers' above-described acts, which were performed while acting under color of District of Columbia law, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.  The Defendant Officers are liable to Plaintiff under 42 U.S.C. § 1983.

50.     The conduct of the Defendant Officers violated clearly established constitutional law and other rights of which the Defendant Officers knew and/or of which a reasonable police officer should have known.

51.     As a direct result of the Defendant Officers' use of excessive force in violation of Ms. Romero-Hernandez's Fourth Amendment rights, Ms. Romero-Hernandez has suffered extensive damages, including, but not limited to, physical injuries, pain and suffering, anxiety, anguish, feeling of unjust treatment, fear, lost earnings, and medical expenses.

52.     The above-described acts of the Defendant Officers were done knowingly, intentionally, maliciously, with evil motive, with deliberate and callous indifference to Ms. Romero-Hernandez's personal safety and constitutional rights, and/or with intent to injure Ms. Romero-Hernandez.  Accordingly, Plaintiff is entitled to an award of punitive damages against the Defendant Officers.

## COUNT II
### Violation of the Fifth Amendment — 42 U.S.C. § 1983
### (Against the Defendant Officers in Their Individual Capacities)

53.     The preceding paragraphs 1-44 are incorporated herein by reference.

54.     At all times relevant hereto, Plaintiff Marilu Romero-Hernandez had a right to substantive due process under the Fifth Amendment to the United States Constitution.  This right encompasses the right to be free from arbitrary government action, which includes the right to be free from uses of force by law enforcement personnel that shock the conscience.

55.     The Defendant Officers used force against Ms. Romero-Hernandez that was so excessive, brutal, and beyond the bounds of decency that it shocks the conscience.  This excessive use of force was intended by the Defendant Officers to injure and cause harm to Ms. Romero-Hernandez and was unrelated to any legitimate police objective.  The Defendant

Officers' excessive use of force included, but was not limited to, punching her in the face repeatedly when she was lying defenseless on the ground and not actively resisting; pulling her up from the ground by her hair; intentionally hitting her head on the edge of a door while her hands were handcuffed behind her back; and slamming her head into the window of a restaurant while her hands were handcuffed behind her back.  Ms. Romero-Hernandez did not pose an immediate threat to the safety of the Defendant Officers, was not actively resisting, and was in a defenseless position at all times that the Defendant Officers used excessive force.

56.     Those Defendant Officers who may not have been directly involved in the use of excessive force but who observed the use of excessive force are liable as bystanders.  These Defendant Officers were aware that their fellow officers were using excessive force, in violation of Ms. Romero-Hernandez's Fifth Amendment right to substantive due process, had a reasonable opportunity to prevent the harm, and yet chose not to act.

57.     The Defendant Officers' above-described acts, which were performed while acting under color of District of Columbia law, violated Plaintiff's right to substantive due process under the Fifth Amendment to the United States Constitution.  The Defendant Officers are liable to Plaintiff under 42 U.S.C. § 1983.

58.     The conduct of the Defendant Officers violated clearly established constitutional law and other rights of which the Defendant Officers knew and/or of which a reasonable police officer should have known.

59.     As a direct result of the Defendant Officers' use of excessive force in violation of Ms. Romero-Hernandez's Fifth Amendment right to substantive due process, Ms. Romero-Hernandez has suffered extensive damages, including, but not limited to, physical injuries, pain

and suffering, anxiety, anguish, feeling of unjust treatment, fear, lost earnings, and medical expenses.

60.     The above-described acts of the Defendant Officers were done knowingly, intentionally, maliciously, with evil motive, with deliberate and callous indifference to Ms. Romero-Hernandez's personal safety and constitutional rights, and/or with intent to injure Ms. Romero-Hernandez.  Accordingly, Plaintiff is entitled to an award of punitive damages against the Defendant Officers.

**COUNT III**
**Assault and Battery**
**(Against the Defendant Officers, the District of Columbia, and GC Latin Productions)**

61.     The preceding paragraphs 1-44 are incorporated herein by reference.

62.     The Defendant Officers intentionally and unlawfully attempted to do physical harm, and did in fact cause physical harm, to Ms. Romero-Hernandez by punching her in the face repeatedly when she was lying defenseless on the ground and not actively resisting; pulling her up from the ground by her hair; intentionally hitting her head on the edge of a door while her hands were handcuffed behind her back; and slamming her head into the window of a restaurant while her hands were handcuffed behind her back.

63.     The Defendant Officers' use of force against Ms. Romero-Hernandez was far in excess of that which a reasonable police officer would believe to be necessary.  Ms. Romero-Hernandez did not pose an immediate threat to the safety of the Defendant Officers, was not actively resisting, and was in a defenseless position at all times that the Defendant Officers used excessive force.  Accordingly, the Defendant Officers' conduct does not fall within the scope of the qualified privilege that a police officer has to use reasonable force to effect an arrest.

64.     Defendant District of Columbia is vicariously liable under the doctrine of *respondeat superior* for the intentional assault and battery committed by the Defendant Officers against Ms. Romero-Hernandez.  The Defendant Officers were acting within the scope of their employment as MPD officers when they committed the assault and battery against Ms. Romero-Hernandez:  the Defendant Officers entered the restaurant in response to a call to the MPD; wore MPD uniforms, displayed MPD badges, and identified themselves as MPD officers; and committed the assault and battery in the course of effecting an arrest.

65.     Defendant District of Columbia and/or Defendant GC Latin Productions LLC (d/b/a Sabor Latino Bar and Grill) is vicariously liable for the intentional assault and battery committed by Defendant Valentine against Ms. Romero-Hernandez.  Defendant Valentine was acting within the scope of his employment either as an MPD police officer or as a security guard for Sabor Latino Bar and Grill when he committed the assault and battery against Ms. Romero-Hernandez.

66.     As a direct result of the Defendant Officers' assault and battery against Ms. Romero-Hernandez, for which the District of Columbia and GC Latin Productions LLC (d/b/a Sabor Latino Bar and Grill) are vicariously liable, Ms. Romero-Hernandez has suffered extensive damages, including, but not limited to, physical injuries, pain and suffering, anxiety, anguish, feeling of unjust treatment, fear, lost earnings, and medical expenses.

67.     The above-described acts of Defendants were done knowingly, intentionally, maliciously, with evil motive, with deliberate and callous indifference to Ms. Romero-Hernandez's personal safety and constitutional rights, and/or with intent to injure Ms. Romero-Hernandez.  Accordingly, Plaintiff is entitled to an award of punitive damages against these Defendants.

**COUNT IV**
**Intentional Infliction of Emotional Distress**
**(Against the Defendant Officers, the District of Columbia, and GC Latin Productions)**

68.     The preceding paragraphs 1-44 are incorporated herein by reference.

69.     The Defendant Officers engaged in extreme and outrageous conduct against Ms. Romero-Hernandez by, among other things, punching her in the face repeatedly when she was lying defenseless on the ground and not actively resisting; pulling her up from the ground by her hair; intentionally hitting her head on the edge of a door while her hands were handcuffed behind her back; and slamming her head into the window of a restaurant while her hands were handcuffed behind her back.  Ms. Romero-Hernandez did not pose an immediate threat to the safety of the Defendant Officers, was not actively resisting, and was in a defenseless position at all times that the Defendant Officers engaged in this extreme and outrageous conduct.

70.     The Defendant Officers' conduct, as described above, intentionally or recklessly caused Ms. Romero-Hernandez severe emotional distress, including, but not limited to, constant and debilitating anxiety (which resulted in nightmares, flashbacks, and panic attacks) and insomnia.  Ms. Romero-Hernandez was diagnosed with PTSD and prescribed medication to treat her anxiety and insomnia.

71.     Defendant District of Columbia is vicariously liable under the doctrine of *respondeat superior* for the intentional infliction of emotional distress committed by the Defendant Officers against Ms. Romero-Hernandez.  The Defendant Officers were acting within the scope of their employment as MPD officers when they committed the intentional infliction of emotional distress against Ms. Romero-Hernandez:  the Defendant Officers entered the restaurant in response to a call to the MPD; wore MPD uniforms, displayed MPD badges, and

identified themselves as MPD officers; and committed the intentional infliction of emotional distress in the course of effecting an arrest.

72.     Defendant District of Columbia and/or Defendant GC Latin Productions LLC (d/b/a Sabor Latino Bar and Grill) is vicariously liable for the intentional infliction of emotional distress committed by Defendant Valentine against Ms. Romero-Hernandez.  Defendant Valentine was acting within the scope of his employment either as an MPD police officer or a security guard for Sabor Latino Bar and Grill when he committed the intentional infliction of emotional distress against Ms. Romero-Hernandez.

73.     As a direct result of the Defendant Officers' intentional infliction of emotional distress against Ms. Romero-Hernandez, for which the District of Columbia and GC Latin Productions LLC (d/b/a Sabor Latino Bar and Grill) are vicariously liable, Ms. Romero-Hernandez has suffered extensive damages, including, but not limited to, physical injuries, pain and suffering, anxiety, anguish, feeling of unjust treatment, fear, lost earnings, and medical expenses.

74.     The above-described acts of Defendants were done knowingly, intentionally, maliciously, with evil motive, with deliberate and callous indifference to Ms. Romero-Hernandez's personal safety and constitutional rights, and/or with intent to injure Ms. Romero-Hernandez.  Accordingly, Plaintiff is entitled to an award of punitive damages against these Defendants.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all counts in this Action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Marilu Romero-Hernandez prays for judgment as follows:

(a)      An award of compensatory damages in an amount to be determined that would fully compensate Plaintiff for her injuries caused by the conduct of the Defendants alleged herein, including: physical injuries, pain and suffering, anxiety, anguish, feeling of unjust treatment, fear, lost earnings, and medical expenses;

(b)      An award of punitive damages in an amount to be determined that would punish the Defendants for the willful, wanton, and reckless conduct alleged herein and that would effectively deter the Defendants and others similarly situated from engaging in similar conduct in the future;

(c)      An award of Plaintiff's costs and reasonable attorneys' fees in this action pursuant to 42 U.S.C. § 1983 and all applicable statutory, common law and constitutional provisions;

(d)      An order directing the District of Columbia to proceed expeditiously with disciplinary action against Defendants Arana-Jimenez, Pena, Flynn, Willis, Hrebenek, Mason, Valentine, and the Unknown Officers, to the extent the District has not done so already; and

(e)      An order granting such other relief as this Court deems just and proper.

Dated: November 21, 2013

Respectfully submitted,

By  /s/ John A. Freedman_____

John A. Freedman (Bar No. 453075)
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC  20004-1206
Tel: (202) 942-5316
Fax: (202) 942-5999
John.Freedman@aporter.com

Laura E. Varela-Addeo (Bar No. 974207)
The Law Offices of Gary M. Gilbert &
     Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
lvarela@ggilbertlaw.com

*Attorneys for Plaintiff*